UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>GORDON LOUIS YOCOM,<br><br>                  Debtor.<br><br>LARRY J. McCLATCHEY, TRUSTEE,<br><br>                  Plaintiff,<br><br>      - vs. -<br><br>CAROLYN J. YOCOM,<br><br>                  Defendant. | Case No. 09-64737<br><br>Chapter 7<br>Judge John F. Hoffman, Jr.<br><br><br><br>Adv. Pro. No. 2:11-ap-02158 |

**PRELIMINARY PRETRIAL STATEMENT**
**UNDER L.R. 7016-1**

This is the Pretrial Statement of Defendant, Carrie Yocom.

**I.  Appearances:**

The trial attorney for Defendant, Carrie Yocom, shall be Charles A. Koenig, who is admitted to practice before this Court.

**II.  Nature of Action, Jurisdiction and Venue:**

A. This is an action for avoidance of a transfer from the Debtor to the Defendant, and is brought pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550(a)(1).

B. Jurisdiction of this Court is not disputed and is invoked under 28 U.S.C. §§ 157(b) and 1334.

C. Venue of this Court is proper.

1

D. This action is alleged to be a core proceeding.

E. If this action is a non-core proceeding, Defendant reserves her right to withhold consent for the bankruptcy judge to enter final orders and judgment.

F. Plaintiff's allegation of a core proceeding is based on 28 U.S.C. §§ 157(b)(2)(H).

G. Defendant has no present intention to file any motions for Abstention, Remand or Withdrawal of the Reference.

H. Defendant consents to trial by jury.

**III.    Statement of the Case:**

Plaintiff alleges that the Debtor transferred the sum of $6,500 to Defendant, 2 days prior to the filing of his Petition herein, and that the Debtor received no consideration in exchange for said transfer.

The evidence will show that Plaintiff <u>is not</u> entitled to judgment against Defendant because the Debtor was legally obligated for past due and current domestic support for his wife and children, and the consideration Debtor received for the transfer was the release of this legal obligation which was a reasonably equivalent value for the property transferred, and, accordingly, the transfer is not voidable under bankruptcy law. Had Debtor simply paid household and medical expenses directly, there could be no claim of a voidable transfer. The fact that Debtor provided these funds to his wife who used them to pay the couple's household and medical expenses cannot change the result.

**IV.    Amendments/Motions:**

__X__    (a) The attorney states that all amendments to pleadings and all pretrial motions, including all motions listed above, and all motions pursuant to Bankruptcy Rule 7012 and Bankruptcy Rule 7056, or motions which convert to a motion under Bankruptcy Rule 7056, have been filed, or

_____    (b) If all amendments and pretrial motions have not been filed, the attorney states that the following amendments and motions are contemplated; (list or attach as an exhibit the specific amendments and motions and the proposed date(s) by which such will be filed.)

V.  **Issues of Fact and Law:**

   A. The contested issues of fact are:

   1. Whether Debtor was obligated for past due and current domestic support for his spouse and his children.

   B. The contested issues of law are:

   1. Whether Debtor's transfer of funds to his spouse, in satisfaction of his domestic support obligations, 2 days prior to his filing of his Petition herein, constitutes a transfer for inadequate consideration which is voidable under bankruptcy law.

VI. **Discovery:**

   A. Initial Disclosures.

   The initial disclosures required by Rule 26(a)(1) Fed. R. Civ. P. have made by Defendant. Defendant is unaware of whether Plaintiff has any initial disclosures to make, and, if so, when they will be made.

   B. Rule 26(f) Fed.R.Civ.P. Conference.

   The mandatory conference required by Rule 26(f) Fed.R.Civ.P. has not yet occurred.

   C. Discovery Plan:

   In compliance with Rule 26(f) Fed.R.Civ.P., the following constitutes the parties' discovery plan (use separate paragraphs or subparagraphs if parties disagree):

   (a) Discovery will be needed on the following subjects: (brief description of subjects on which discovery will be needed).

   None required by Defendant.

   (b) All discovery commenced in time to be completed by (date). [Discovery on (issue for early discovery) to be completed by (date).]

   N/A as to Defendant.

   (c) Maximum of 20 interrogatories by each party to any other party. [Responses due 30 days after service.]

   (d) Maximum of 10 requests for admission by each party to any other party. [Responses due 30 days after service.]

  (e) Maximum of 2 depositions by Plaintiff and 2 by Defendant.

  (f) Each deposition limited to maximum of 2 hours unless extended by agreement of parties.

  (g) Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff by August 31, 2011

    from Defendant by August 31, 2011

  (h) Supplementations under Rule 26(e) due August 31, 2011.

 D. <u>Other Agreed Upon Items</u>.  **[**Use separate paragraphs or subparagraphs as necessary if parties disagree.**]**

 Note:  None of the following items have been agreed upon by the parties, and all are the recommendations of Defendant alone.

  (a) Plaintiff should be allowed until July 31, 2011 to join additional parties and until July 31, 2011 to amend the pleadings.

  (b) Defendant should be allowed until July 31, 2011 to join additional parties until July 31, 2011 to amend the pleadings.

  (c) All potentially dispositive motions should be filed by August 31, 2011.

  (d) Defendant <u>is</u> amenable to mediation under LBR 9019–2 at the appropriate time.

  (e) The proceeding should be ready for trial by September 30, 2011 and at this time is expected to take approximately 1 trial day.

VII. <u>**Stipulations.**</u>

 A. The parties have not entered into any stipulations.

VIII. <u>**Miscellaneous Matters:**</u>

 **A. Settlement:**

  1. The parties have not engaged in any settlement discussions as of the date of this filing.

2. Any settlement which occurs prior to the trial date shall be communicated promptly to the judge's courtroom deputy. Failure to make such communication may result in the imposition of costs.

### B. Pretrial Conference:

The Court will order a pretrial conference if review of the Preliminary Pretrial Statement makes such appear necessary. If the Court does not order such a pretrial conference, does the attorney specifically request a pretrial conference? If so, why?

Defendant does not request a pretrial conference, but has no objection to such a conference.

### C. Other Matters:

Counsel advises the Court of the following miscellaneous matters which will aid the Court in preparation of the case for trial.

Defendant has no miscellaneous matters to bring to the Court's attention as of the date of this filing.

Respectfully submitted,

| | |
|---|---|
| /s/ *Charles A. Koenig* | submitted for review 6/21/11 |
| Charles A. Koenig (0018358) | Larry J. McClatchey (0012191) |
| Attorney for Defendant | Attorney for Plaintiff |
| 326 South High Street, Suite 300 | 65 East State Street, Suite 1800 |
| Columbus, Ohio 43215 | Columbus, Ohio 43215 |
| 614-241-5902 tele. | 614-462-5400 tele. |
| 614-241-5909 facs. | 614-464-2634 facs. |
| ckoenigattorney@gmail.com | lmcclatchey@keglerbrown.com |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendant's Answer was filed and served via the Court's electronic transmission, this  22nd  day of June, 2011, on Larry J. McClatchey, Esq., Esq., Attorney for Trustee.

/s/ *Charles A. Koenig*
Charles A. Koenig (0018358)
ATTORNEY FOR DEFENDANT

**ATTACHMENT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Case No. 09-64737                                                                                          Chapter 7

**CONTESTED MATTER**
Adv. Pro. No. 2:11-ap-02158

**WITNESSES TO BE CALLED BY:  Defendant, Carrie Yocom**

| NAME & ADDRESS | SYNOPSIS OF TESTIMONY |
|---|---|
| 1. Carolyn Yocom<br>3255 Brentwood Court<br>Powell, Ohio 43065 | Will testify that Debtor, Gordon Yocom, regularly supported his family and paid the family's medical bills; that Carolyn and Gordon legally separated and were in the process of divorce; that Gordon had fallen behind in his domestic support obligations; that pursuant to the parties' divorce negotiations, Gordon agreed to bring his domestic support obligation arrearage current; that in exchange for his payment, the adversary claims in the divorce proceedings would be dropped and deemed satisfied, and the parties' divorce could proceed to final; that the claims against Gordon had a value which exceeded the amount of money he paid to Carolyn; that the money transferred by Gordon to Carolyn was used to pay the couple's domestic household and medical obligations; and other matters in connection therewith. |
| 2. Gordn Yocom<br>4234 Penrith Court<br>Dublin, OH 43016 | Is expected to testify similar to Carolyn's testimony. |

**ATTACHMENT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Case No. 09-64737                                                                                          Chapter 7

CONTESTED MATTER
Adv. Pro. No. 2:11-ap-02158

**EXHIBITS TO BE OFFERED BY:  Defendant, Carrie Yocom**

**DESIGNATION        DESCRIPTION              IDENTIFIED     ADMITTED**

Defendant currently has no Exhibits she proposes to produce at trial.  Defendant reserves the right to supplement these disclosures if any documents are determined to be relevant to any issues raised by Plaintiff.

7